UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| QUALITY PRODUCTION MGMT, LLC. | CIVIL ACTION NO. 18-1113 |
| | JUDGE SUMMERHAYS |
| versus | |
| CONOCOPHILLIPS CO., ET AL. | MAGISTRATE JUDGE WHITEHURST |

**REPORT AND RECOMMENDATION**

Before the Court, on referral from the district judge, are two Motions to Dismiss for Failure to State a Claim, the first filed by defendant ConocoPhillips Company ("Conoco") [Doc. 6], and the second filed by defendant BHP Billiton Petroleum (Deepwater), Inc. ("BHP") [Doc. 9]. Both motions are opposed by the plaintiff, Quality Production Management, LLC ("Quality Production") [Doc. 17]. For the following reasons, the undersigned recommends that the motions to dismiss be **GRANTED IN PART AND DENIED IN PART.**

**I. FACTUAL AND PROCEDURAL BACKGROUND**

The facts of this case are as follows. Quality Production's petition alleges that Conoco and BHP are the owners of the Vermilion 376 Platform, Lease #G14428 (hereinafter referred to as the "Wells") located offshore Vermilion Parish, Louisiana. Quality Production alleges that at the request of Rooster Petroleum, LLC, the operator of record for the Wells, Quality Production furnished labor services, equipment,

materials, transportation, expenses, and/or supplies for the drilling and/or operation of the Wells in the search and/or production of oil and/or gas. Quality Production alleges Rooster is indebted to Quality Production in the amount of $90,525.71, together with legal interest thereon from the date each invoice was due until paid, together with reasonable attorneys fees for collection costs, in connection with the furnishing of labor, services, equipment, materials, transportation, expenses and/or supplies by Quality Production to the Wells. Despite its demand for payment, Quality Production argues Rooster has failed and/or refused to pay the amounts owed to it.

Rooster is now in Chapter 7 bankruptcy; its bankruptcy case remains pending in the United States Bankruptcy Court for the Western District of Louisiana as Case No. 17-50708. On September 6, 2017, Quality Production filed an Affidavit of Claim for Lien or Privilege against Oil and Gas Wells and Leases, which was recorded under File No. 2017008033 of the mortgage records of Vermilion Parish, Louisiana. In its state court petition, Quality Production asserts a privilege, pursuant to La. Rev. Stat. §9:4863, as security for the monies owed herein, against Conoco's and BHP's ownership interests in the Wells. Also in its petition, Quality Production seeks "a judgment rendered herein . . . against the Defendants, [Conoco] and [BHP] in the principal amount of [$90,525.71], together with legal interest thereon from the date each invoice was due until paid, together with reasonable attorneys fees for collection

2

costs, and all court costs as allowed by law . . ."[1]

In the instant motions to dismiss, Conoco and BHP seek dismissal of the claim for a money judgment against them on grounds there is no contractual privity or other legal relationship between Quality Production and Conoco or BHP that would entitle Quality Production to the recovery of this monetary award from Conoco or BHP.

## II. LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, the plaintiffs must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232–33 (5th Cir.2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir.1996). But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 129 S.Ct. at 1949–50.

A legally sufficient complaint must establish more than a "sheer possibility" that plaintiffs' claim is true. *Id*. It need not contain detailed factual allegations, but it

---

[1] *See* plaintiff's state court petition, attached to its Notice of Removal, Doc. 1, at ¶I.

must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Twombly*, 550 U.S. at 555. In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim. *Lormand*, 565 F.3d at 255–57. If there are insufficient factual allegations to raise a right to relief above the speculative level, *Twombly*, 550 U.S. at 555, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Carbe v. Lappin*, 492 F.3d 325, 328 & n. 9 (5th Cir.2007), the claim must be dismissed.

## III.  ANALYSIS

The issue before the undersigned is whether the plaintiff sufficiently states a claim for the recovery of the monetary amounts allegedly owed by Rooster from Conoco and BHP, when Quality Production had no contractual or legal relationship with either entity.

The case of *Bordelon Marine, LLC v. Devon Energy Prod. Co., LP*, 2015 WL 1509493 (E.D. La. Apr.1, 2015) is instructive.  In *Bordelon*, the plaintiff, Bordelon Marine, L.L.C. ("Bordelon"), contracted with ATP Oil & Gas Corporation ("ATP") under a Master Time Charter Agreement and Short Form Time Charter Agreement to provide services and perform other charter activities for wells located on the Outer

Continental Shelf. The defendants, Devon and Merit, owned and operated the wells at the location for which Bordelon provided the charter services. ATP and Bordelon's agreement was on an open account basis and provided that ATP pay for all charter services performed by Bordelon. ATP failed to make payments for Bordelon's services, leading Bordelon to record liens or privileges on the wells by filing two Statements of Privilege under the Louisiana Oil Well Lien Act ("LOWLA"), La.Rev.Stat. §9:4861, et seq., in the mortgage records of Plaquemines Parish, Louisiana. *Bordelon Marine*, 2015 WL 1509493, at *1. After ATP filed for bankruptcy protection, Bordelon Marine filed a petition in Louisiana state court in which it sought to recover from Devon and Merit – the owners of the wells – the amounts allegedly owed by ATP. Devon and Merit removed the matter to the district court and filed a motion to dismiss, arguing Bordelon had produced no facts or legal authority that would support them being held personally liable for ATP's contract debts, thus enabling Bordelon to acquire a personal money judgment against them. *Id.* at *1. The district court agreed with Devon and Merit, explaining:

> From a review of Bordelon's Petition, it is clear that Bordelon phrased its request for relief in terms of a personal money judgment against Devon and Merit; moreover, the lien under LOWLA creates no personal obligation on the part of Devon and Merit, and any attempt to construe it otherwise contravenes well-settled Louisiana jurisprudence. *See Guichard Drilling Co. v. Alpine Energy Servs., Inc.*, 94–1275 (La.7/3/95); 657 So.2d 1307, 1315 ("It is well settled that the privilege created by La. R.S. 9:4861 is strictly in rem, against the property (lease

> or equipment) only, and no personal liability is created by the privilege on the part of the owners of property subject to the privilege."). Thus, to the extent that Bordelon's prayer for relief in its Petition seeks a personal money judgment from Devon and Merit, this claim shall be dismissed for failing to state a claim.

*Id.* at *3.

In its opposition brief, Quality Production appears to acknowledge the rule set forth in *Bordelon*, stating "QPM does not dispute that the decision [in *Bordelon*] stands for the proposition that QPM's claims for a personal money judgment against Defendants should be dismissed."[2] Nevertheless, Quality Production argues that its lawsuit seeks additional relief, and more particularly, recognition and maintenance of its properly filed Statement of Privilege, the cost of preparing and recording the Statement of Privilege, and an additional 10% attorneys' fees to enforce collection of the foregoing amounts. Quality Production argues the foregoing claims should not be dismissed.

In *Bordelon Marine*, ATP filed similar claims against Devon and Merit to enforce its lien rights. The district court dismissed those claims, however, because the record before the court made clear that Bordelon Marine failed to comply with the LOWLA by not filing its action for enforcement of its privilege within one year of filing its Statement of Privilege. *See Bordelon Marine* at *6 ("though a properly filed

---

[2] *See* Quality Production's opposition brief, Doc. 17, at p.1.

action brought against the third-persons Devon and Merit would enforce the lien and allow Bordelon to seize the property in order to satisfy ATP's debt, Bordelon failed to timely file the requisite action and notice of lis pendens under LOWLA.").

Here, Conoco and BHP appear to acknowledge that Quality Production's claim for enforcement of its lien rights is not ripe for dismissal under these motions, stating "[p]laintiff's remaining claims related to lien rights may later be addressed at the summary judgment stage of this proceeding."[3] Although it is unclear whether, based on the facts, Quality Production timely and property filed it claims to enforce its lien rights –as these issues have not been briefed in the instant motions – it does not appear that Conoco and BHP seek to dismiss those claims in the instant motion. Generally, the LOWLA grants an *in rem* privilege over certain interests and property in oil and gas wells in favor of persons that perform labor or services in furtherance of oil and gas operations, all as defined by the LOWLA. *See Bordelon*, at \*5, *citing Guichard Drilling Co. v. Alpine Energy Servs., Inc.*, 657 So.2d 1307, 1315 (La. 1995) ("It is well settled that the privilege created by La. R.S. 9:4861 is strictly in rem, against the property (lease or equipment) only, and no personal liability is created by the privilege on the part of the owners of property subject to the privilege."). Whether Quality Production can support its claims for enforcement of its lien rights

---

[3] *See* Conoco's memorandum in support of motion to dismiss, Doc. 6-1 at p.3.

is not an issue before the Court at this time.

Considering the foregoing, and it appearing that the parties agree that the issue of the enforcement of Quality Production's lien rights must be adjudicated at a later time, the undersigned recommends that Quality Production's claims to enforce its lien rights shall remain pending to be adjudicated at a later phase of this proceeding.

## CONCLUSION

For the foregoing reasons, the undersigned recommends that the a Motions to Dismiss for Failure to State a Claim [Doc. 6 &9] filed by defendants ConocoPhillips Company and BHP Billiton Petroleum (Deepwater), Inc. be GRANTED IN PART AND DENIED IN PART. It is recommended that the plaintiff's claim against Conoco and BHP for a personal money judgment from Conoco and BHP be DENIED AND DISMISSED for failing to state a claim. It is further recommended that plaintiff's claim for enforcement of its lien rights shall remain pending to be adjudicated at a later date.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the

time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

**THUS DONE AND SIGNED** at Lafayette, Louisiana, this 15th day of January, 2019.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE